O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | Case No. 2:15-CV-05502 (VEB) |
| SHIDOKHT SAMIEI GOHAR, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In November of 2011, Plaintiff Shidokht Samiei Gohar applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1    Plaintiff, by and through her attorney, Lawrence D. Rohfling, Esq.

2    commenced this action seeking judicial review of the Commissioner's denial of

3    benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

4    The parties consented to the jurisdiction of a United States Magistrate Judge.

5    (Docket No. 11,12, 22, 23). On December 12, 2016, this case was referred to the

6    undersigned pursuant to General Order 05-07. (Docket No. 21).

7

8                              **II. BACKGROUND**

9    Plaintiff applied for SSI benefits on November 30, 2011, alleging disability

10   beginning January 1, 1990. (T at 130-51).[2]  The application was denied initially and

11   on reconsideration.  Plaintiff requested a hearing before an Administrative Law

12   Judge ("ALJ").

13   On July 1, 2013, a hearing was held before ALJ Sherwin F. Biesman. (T at

14   47).  Plaintiff appeared with her attorney and testified. (T at 49-60).

15   On August 26, 2013, the ALJ issued a written decision denying the

16   application for benefits.   (T at 32-46).   The ALJ's decision became the

17   Commissioner's final decision on May 27, 2015, when the Appeals Council denied

18   Plaintiff's request for review. (T at 1-7).

19

20   [2] Citations to ("T") refer to the administrative record at Docket No. 15.

On July 20, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on December 3. 2015. (Docket No. 14). The parties filed a Joint Stipulation on February 10, 2016. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

A.    **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

1    The Commissioner has established a five-step sequential evaluation process

2 for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

3 one determines if the person is engaged in substantial gainful activities. If so,

4 benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

5 decision maker proceeds to step two, which determines whether the claimant has a

6 medically severe impairment or combination of impairments. 20 C.F.R. §§

7 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

8    If the claimant does not have a severe impairment or combination of

9 impairments, the disability claim is denied. If the impairment is severe, the

10 evaluation proceeds to the third step, which compares the claimant's impairment(s)

11 with a number of listed impairments acknowledged by the Commissioner to be so

12 severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

13 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

14 equals one of the listed impairments, the claimant is conclusively presumed to be

15 disabled. If the impairment is not one conclusively presumed to be disabling, the

16 evaluation proceeds to the fourth step, which determines whether the impairment

17 prevents the claimant from performing work which was performed in the past. If the

18 claimant is able to perform previous work, he or she is deemed not disabled. 20

19 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

20 functional capacity (RFC) is considered. If the claimant cannot perform past relevant

work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

1    *Heckler*, 722 F.2d 570, 572 (9ᵗʰ Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

2    evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

3    n 10 (9ᵗʰ Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

4    599, 601-02 (9ᵗʰ Cir. 1989). Substantial evidence "means such evidence as a

5    reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

6    *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

7    conclusions as the [Commissioner]  may reasonably draw from the evidence" will

8    also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965). On review,

9    the Court considers the record as a whole, not just the evidence supporting the

10   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9ᵗʰ Cir.

11   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980)).

12     It is the role of the Commissioner, not this Court, to resolve conflicts in

13   evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

14   interpretation, the Court may not substitute its judgment for that of the

15   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ

16   Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

17   set aside if the proper legal standards were not applied in weighing the evidence and

18   making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

19   432, 433 (9ᵗʰ Cir. 1987). Thus, if there is substantial evidence to support the

20   administrative findings, or if there is conflicting evidence that will support a finding

DECISION AND ORDER – GOHAR v BERRYHILL 2:15-CV-05502 (VEB)

of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 30, 2011, the application date. (T at 37).  The ALJ found that Plaintiff's lower back pain, diabetes mellitus, depression, and anxiety were "severe" impairments under the Act. (Tr. 37).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 37).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR § 416.967 (c), except that she was limited to frequent balancing, stooping, crouching, kneeling, occasional climbing of ramps/stairs, no climbing of ladders/ropes/scaffolds or crawling, and jobs involving only simple, repetitive tasks. (T at 38).

The ALJ noted that Plaintiff had no past relevant work. (T at 42).  Considering Plaintiff's age (47 years old on the application date), education (at least high school), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 43).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 30, 2011 (the application date) and August 26, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 43). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 16, at p. 11), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed.  Plaintiff contends that the ALJ did not adequately assess her residual functional capacity, in particular with regard to her mental health limitations. Plaintiff does not challenge the ALJ's assessment of her physical impairments or her credibility.

**IV. ANALYSIS**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they

can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

In the present case, Dr. Kamal P. Dhawan, a psychiatrist, performed a consultative examination in March of 2012.   Dr. Dhawan diagnosed major depressive disorder (moderate, recurrent) and assigned a Global Assessment of Functioning ("GAF") score[3] of 50 (T at 217), which is indicative of serious

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – GOHAR v BERRYHILL 2:15-CV-05502 (VEB)

1    impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV

2    08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (CD Cal. Aug. 27, 2009).

3          Dr. Dhawan opined that Plaintiff had mild limitation with regard to her ability

4    to understand, remember, and carry out simple 1 or 2 step job instructions; moderate

5    limitation as to maintaining concentration, attention, persistence, and pace; moderate

6    limitation with respect to her ability to associate with day-to-day work activity,

7    including attendance and safety; moderate limitation as to accepting instructions

8    from supervisors, maintaining regular workplace attendance, and performing work

9    activities on a consistent basis; and moderate limitation with respect to performing

10    work activities without special or additional supervision. (T at 217).  He found that

11    Plaintiff was not capable of handling her own funds. (T at 218).

12          The ALJ afforded little weight to Dr. Dhawan's opinion, concluding that

13    Plaintiff retained the residual functional capacity to perform jobs involving only

14    simple, repetitive tasks. (T at 38, 40).  This Court finds the ALJ's decision supported

15    by substantial evidence.

16          First, Dr. Dhawan did not review any of Plaintiff's medical records. (T at

17    213).  A consultative examiner's opinion may be discounted when it was not based

18    on a review of the records. *See Edwards v. Comm'r of Soc. Sec.*, No. 15-cv-02781,

19    2016 U.S. Dist. LEXIS 124265, at *30-31 (N.D. Cal. Sep't 12, 2016).

20

DECISION AND ORDER – GOHAR v BERRYHILL 2:15-CV-05502 (VEB)

1      Second, the ALJ found that Dr. Dhawan's decision was based largely on

2   Plaintiff's subjective complaints, which the ALJ concluded were not fully credible.

3   (T at 40-41).  Plaintiff does not challenge the ALJ's credibility assessment and this

4   was a valid reason for discounting the consultative examiner's opinion. *See Flaten v.*

5   *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

6      Third, the ALJ reasonably found the limitations assessed by Dr. Dhawan

7   inconsistent with the treating record, which was generally conservative.  Although

8   Plaintiff was consistently described as having a sad affect and some symptoms of

9   anxiety and depression (especially at night), she maintained appropriate grooming,

10  full orientation, normal thought content, intact judgment, and adequate insight. (T at

11  239-40, 248, 249, 251, 253).   Her treating psychiatrist, Dr. John Hollenberg,

12  reported that Plaintiff's symptoms improved with medication. (T at 255).  Although

13  Plaintiff experienced some psychiatric symptoms, Dr. Hollenberg described her as

14  "overall doing well." (T at 251).

15     Fourth, the non-examining State Agency review physician opinions support

16  the ALJ's decision to discount Dr. Dhawan's assessment.   Dr. F.L. Williams

17  concluded that Plaintiff's mental health impairments were non-severe. (T at 66-67).

18  Dr. Dara Goosby assessed some moderate limitations, but opined that Plaintiff could

19  perform simple and some detailed tasks, relate appropriately to supervisors and

20  peers, and adapt adequately. (T at 80-81). State Agency review physicians are highly

1    qualified experts and their opinions, if supported by other record evidence, may

2    constitute substantial evidence sufficient to support a decision to discount a treating

3    physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also*

4    20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants

5    and other program physicians, psychologists, and other medical specialists are

6    highly qualified physicians, psychologists, and other medical specialists who are

7    also experts in Social Security disability evaluation.").

8         Plaintiff argues that the ALJ should have weighed the evidence differently and

9    resolved the conflict in favor of Dr. Dhawan's opinion.  However, it is the role of the

10   Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v.*

11   *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the

12   evidence supports more than one rational interpretation, this Court may not

13   substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577,

14   579 (9th 1984). If there is substantial evidence to support the administrative

15   findings, or if there is conflicting evidence that will support a finding of either

16   disability or nondisability, the Commissioner's finding is conclusive. *Sprague v.*

17   *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was

18   supported by substantial evidence and must therefore be sustained.  *See Tackett v.*

19   *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably

20

DECISION AND ORDER – GOHAR v BERRYHILL 2:15-CV-05502 (VEB)

supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

1  The Clerk of the Court file this Decision and Order and serve copies upon

2 counsel for the parties.

3  DATED this 1st day of March, 2017.

4

5        /s/Victor E. Bianchini
         VICTOR E. BIANCHINI

6      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – GOHAR v BERRYHILL 2:15-CV-05502 (VEB)